UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CHARLES JOHNSON, aka "Charlie",<br><br>Defendant. | NO: 2:15-CR-0122-TOR<br><br>PRELIMINARY ORDER OF FORFEITURE |

BEFORE THE COURT is the United States' Motion for Entry of a Preliminary Order of Forfeiture (ECF No. 72). The motion was submitted for consideration without oral argument. The Court has reviewed the motion and the file therein and heard from counsel at the change of plea hearing held on March 14, 2016.

The United States asserts that the property in this matter is worth less than $1,000.00. Without admissible evidence as to that assertion, the Court makes no such finding at this time. Accordingly,

**IT IS HEREBY ORDERED THAT:**

As the result of the guilty plea to Count 9 of the Superseding Indictment, charging Defendant with Receipt of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(2), for which the United States sought forfeiture of assets pursuant to 18 U.S.C. § 2253, Defendant, CHARLES JOHNSON, shall forfeit to the United States any property, real or personal, used or intended to be used to commit or promote the commission of such offense or any property traceable to such property.

The Court has determined, based upon the Defendant's plea agreement, that the Lenovo laptop model G50-45 computer with serial number PF06ALME is subject to forfeiture pursuant to 18 U.S.C. § 2253, and that the United States has established the requisite nexus between the property and the offense.

Upon the issuance of a Preliminary Order of Forfeiture and pursuant to Rule G(4)(a)(i) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, authorized under 21 U.S.C. § 853(n)(1), as incorporated by 18 U.S.C. § 2253, and Fed. R. Crim. P. 32.2(b)(6)(C), the United States is not required to publish notice of this order **if** the forfeitable property is worth less than $1,000.00. Defendant stipulated in his plea agreement that he is the sole owner of the asset and that no one else has an interest in the asset, therefore, **absent**

**evidence to the contrary** the United States may not have to provide direct notice to others.

Pursuant to Fed. R. Crim. P. 32.2(b)(4)(A) and (B), this Preliminary Order of Forfeiture is final as to the Defendant at the time of sentencing, and is made part of the sentence and included in the judgment. If no claims are filed, the United States will file a motion for an order declaring the preliminary order of forfeiture final at or after sentencing.

The United States shall have clear title to the above-listed property following the Court's disposition of all third-party interests, or, if none, following the expiration of the period provided in Fed. R. Crim. P. 32.2(c)(2), Rule G(5) and 21 U.S.C. § 853(n) as incorporated by 18 U.S.C. § 2253, for the filing of third party petitions. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

The District Court Executive is hereby directed to enter this Order and furnish copies to counsel.

DATED March 23, 2016.




THOMAS O. RICE
Chief United States District Judge